## JOHN JONES, ESQUIRE, v. WILLIAM MASSEY.

Court of Quarter Sessions. April, 1795.

*Wilson's Red Book, 67.*

*Wilson* and *Bayard* for plaintiff.

*Miller* and *Batson* for defendant.

After plaintiff had gone on to prove by testimony most of his charges, and the defendant had in his cross-examination asked of the witnesses what credits the plaintiff had given on his account, plaintiff produced his book. There were no other entries of the same articles. No other book at that time. It began some years after the first items were chargeable.

*Miller* objected. The entries were made too late to be a book regularly kept, etc.

Per Curiam. Your examination of the plaintiff's witnesses as to the entries on this book is certainly waiving any objection to the book. This book is better evidence of its contents than what any man can remember of it.

After argument before the jury, which was on the facts, except a difference on the subject of limitations for defendant urged from 1 Esp.N.P. 151, 152 that the charges more than six years past from the bringing the writ were barred, the court charged the jury thus·

Bassett, C. J. Your consideration is led to the first (which was for money laid out and expended) and not to the two last (*quantum meruit* and *insimul computassent*) by the evidence. As to limitation on this count, wherever two men have mutual dealings with each other (for instance, suppose I sell to one of you a horse and charge you with it, you sell me a cow and charge me with it, and then a parcel of sheep and charge me with them, and so on) and the accounts are not closed, it is no matter if they run six, seven, eight, nine, ten, fourteen, twenty years, the Stat-

ute is no bar. But where the charges are all on one side, and any of them are more than six years, the Statute there is a bar. [1 Del.Laws 526].

Verdict for plaintiff for his demand.